Mr. Justice Evans
delivered the opinion of the court.
Two questions are presented in this case, both of which it is ne.-cessary to decide.
1st. Can the judgment against the defendant be set aside oa account of the variauce between the writ and declaration?
2d. Is the bail of Avinger entitled to have an exoneretur entered on the bail bond ?
On the first question it seems to me there is no difficulty. The defendant entered no appearance, and there was a judgment against him by default. He was, therefore, not entitled to plead. The va. riance, if it could be taken advantage of, could avail him only by pleading. The contract was joint and several, al. hough the note began, ,l I promise.” 2 Bailey, 88. Upon such a contract, the plaintiff, although he issues his writ against both, may at any stage discontinue as to one, and proceed to judgment against the other, The rule is otherwise on joint co .tracts. In England, a distinction is made between actions bailable, and not bailable. But the rule seems to be of modern origin, and 1 can see no good reason for the distinction It has been disapproved oí in that country, and has never been adopted in this State, go far as 1 am informed.
To determine die second question, it is necessary tolookint® the facts. The affidavit charged, that both Avinger and Jameson *203 were indebted. The writ issued against both. Avinger, alone, Was arrested, and “gave bail individually.” The plaintiff filed his declaration against Avinger alone. The principle to be extracted from all the cases, is this ; if the liability of the bail be changed or varied, so as to subject him to a different form of action, or a different cause of action, from that set out in the affidavit, the bail are entitled to be discharged. It does not seem to me that this has been done in this case. The affidavit alleges, that both are indebted, but the liability of the bail is not increased, nor is his contract varied by the circumstances ; the drawers of the note are severally, as well as jointly, liable. The contract of the bail was, that his principal should pay the judgment, or surrender his body, in default, the bond was forfeited, and the plaintiff enabled to recover of the bail a judgment for his debt, by way of damages, to be assessed by a jury. I have not stated the words of his bond, but its legal effect. Will the recovery against. Avinger, alone, subject the bail to any greater liability, than he incurred by his bond 1 If it does,I cannot perceive it. It is true, if both had been sued, and the plaintiff had recovered judgment against both, the chances of payment would, perhaps, have been increased, but the defendant’s bail-bond has no dependence on the liability of another. The affidavit charges, “ that both were indebted.” This is true in fact. Each was liable for the whole; and with this affidavit before him, the bail under, took that Avinger should pay, or be surrendered in satisfaction of the damages which the plaintiff might recover on the cause of action set out in the affidavit.
But there is another view of this subject. This is an application to have an exoneretur entered on the bail-bond, and to entitle the bail to this motion, he must make his application according to the rules of practice prescribed by the court. In Sanders vs. Hughes, 2 Bailey, 511, it is said, that before such an application as this can be heard, “ the bail must swear they were ignorant that the cause of action declared on, was that which was intended to be embraced in the affidavit, that they executed the bond, lielieviug the cause of action to be different from that sec out in the declaration, and that they have sustained some prejudice or injury thereby.” It might have been sufficient to have said that no such affidavit has accompanied this application, and the defendant must be left to such de-fence as he can make, when sued on the bail-bond. The motion is, therefore, granted.
JOSIAH J. EVANS.
Baxley & Dawsox, Plaintiff's Attorneys.
Esgleston & Fiiosr, Defendant's Attorneys.
We co icur,
JOHN B. O’NiSALL,
A. P. BUTLER.